UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-00725-SKC-MEH

LEONARD C. SCROGAN, and
JANIS S. SCROGAN,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## MINUTE ORDER

    This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion to Strike Certain Allegations in Plaintiffs' Complaint (Motion) (Dkt. 14). Plaintiffs Leonard C. Scrogan and Janis S. Scrogan filed their Response to the Motion (Dkt. 16), and Defendant filed its Reply in support of the Motion (Dkt. 21). The Motion asks the Court to strike three paragraphs from the Complaint (Dkt. 5) and part of a fourth paragraph pursuant to Federal Rule of Civil Procedure 12(f) because Defendant claims the passages are "immaterial or impertinent." Dkt. 14, p.4. The Court DENIES the Motion.

    Rule 12(f) "provides that a court 'may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (quoting Fed. R. Civ. P. 12(f)). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Parmar v. City of Aurora*, No. 20-cv-02801-NRN, 2020 WL 7260745, at *2 (D. Colo. Dec. 10, 2020) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d. ed. 2015)).

"Rule 12(f) motions, however, are a generally-disfavored, drastic remedy." *Sierra Club*, 173 F.R.D. at 285 (citations omitted); *Parmar*, 2020 WL 7260745, at *2 ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." (quoting citation omitted)). "Allegations will not be stricken as immaterial [or impertinent] under this rule unless they have no possible bearing on the controversy. *Id.* (citations omitted). "[T]he moving party's 'burden is a heavy one.'" *Beltran v. Interexchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2017 WL 4418709, at *1 (D. Colo. June 9, 2017) (quoting *Holzberlien v. OM Fin. Life Ins. Co.*, No 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008)).

"Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285 (citations omitted). "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Quick v. Grand Junction Lodging LLC*, No. 13-CV-02917-RBJ, 2014 WL 7205417, at *5 (D. Colo. Dec. 18, 2014) (quoted citation omitted).

Defendant argues the following allegations should be stricken from the Complaint:
1) Paragraph 88 – "In October 2020—about a year before the Marshall Fire—Grand County, Colorado suffered a devastating wildfire known as the East Troublesome Fire. Many of Defendant's insureds were affected by the East Troublesome Fire, and many of them were underinsured—sometimes severely so."
2) Paragraph 90 – "Many of the Marshall Fire victims were State Farm customers and, just like the East Troublesome Fire, many of State Farm's customers were underinsured."
3) Paragraph 93 – "State Farm knew or should have known that Plaintiffs were likely to be underinsured."
4) A portion of Paragraph 95 (bolded here) – "**State Farm knew or recklessly disregarded the fact that Plaintiffs were underinsured** at the time State Farm completed its February 18, 2022 estimate, but still determined that the replacement cost value was about $130,000 less than the Policy's Coverage A - Dwelling limit of liability."

Defendant fails, however, to meet its "heavy burden." *See Beltran*, 2017 WL 4418709, at *1. At this very early stage of the litigation, the Court cannot say that these paragraphs "have no possible bearing on the controversy." *Sierra Club*, 173 F.R.D. at 285. "If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken." *PAS*

2

*Commc'ns, Inc. v. U.S. Sprint, Inc.*, 112 F. Supp. 2d 1106, 1107 n.2 (D. Kan. 2000) (quoting *Miller v. Pfizer, Inc.*, No. Civ.A. 99-2326-KHV, 1999 WL 106306, at *3 (D. Kan. Nov. 10, 1999)). There is a way to look at the allegations as providing a better understanding of Plaintiffs' view of Defendant's business practices in Colorado and, particularly concerning Paragraphs 93 and 95, with Plaintiffs that gives context to Plaintiffs' Complaint. But the Court need not decide the materiality of the contested paragraphs.

Defendant has not persuaded the Court that the contested allegations prejudice Defendant, at least at this stage of the litigation. Defendant argues that the allegations "broaden the scope and increase the burden of discovery." Dkt. 14, p.9. But Defendant is simply anticipating potentially unduly burdensome or otherwise objectionable discovery requests that have not yet been propounded. *Id.* ("Plaintiffs *may rely* on [the objected-to allegations] to attempt to obtain . . . ." (emphasis added)). Thus, the Court finds Defendant's argument concerning prejudice is premature and not yet ripe.

The Court notes that each party has an obligation to serve discovery in compliance with Federal Rule of Civil Procedure 26. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) (permitted scope of discovery). The Court has full faith that the Magistrate Judge to whom any discovery disputes are referred, and/or this Judge, can resolve any concerns about discovery requests that a party might argue are unduly burdensome or otherwise objectionable, *after* the parties have conferred meaningfully about any such dispute and have attempted in good faith to resolve the dispute between themselves. *See* SKC Standing Order for Civil Cases § C.4.

The Motion is DENIED. Defendant is ORDERED to file its Answer on or before May 10, 2024.

DATED: April 26, 2024